IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**QUINTON BURNETT**                                                              **PLAINTIFF**

**VERSUS**                                                       **CIVIL ACTION NO. 2:08CV45-P-A**

**CITY OF SOUTHAVEN, MAYOR
GREG DAVIS, IN HIS OFFICIAL
CAPACITY AS MAYOR OF SOUTHAVEN,
MISSISSIPPI; SOUTHAVEN POLICE
DEPARTMENT AND THOMAS LONG
IN HIS OFFICIAL CAPACITY AS CHIEF
OF POLICE, CHAD SIMMONS, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS A
SOUTHAVEN POLICE OFFICER**                                                       **DEFENDANTS**

## ORDER

This cause is before the Court on the defendants' Motion for Summary Judgment Based on Qualified Immunity Defense [21]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

After review of the applicable filings, especially as supplemented by defendant Simmons in a subsequently filed Motion for Summary Judgment [54] and plaintiff's response thereto, the Court is satisfied that defendant Simmons is not entitled to summary judgment on grounds of qualified immunity.[1]

---

[1] Each of the defendants is listed as a movant with regard to the above-referenced motion. However, only Chad Simmons is sued in his individual capacity. The Amended Complaint named Greg Davis in his official capacity as mayor of Southaven and Thomas Long in his official capacity as Southaven's chief of police. The official capacity claims are tantamount to claims against the City of Southaven, already named as a defendant. Roberts v. City of Shreveport, 397 F.3d 287, 291 (5th Cir. 2005). A municipality is not entitled to qualified

Burnett has adequately alleged facts demonstrating the violation of a constitutional right by Simmons (and the backup officer, William Cunningham[2]).  Furthermore, the rights allegedly violated, e.g., Burnett's right to remain free from arrest without probable cause and to be free of excessive force in the execution of his arrest, were both clearly established rights on December 16, 2005.  The record establishes that Burnett cooperated with Officer Simmons by providing his identity and explaining his presence; he likewise submitted to a patdown, which revealed neither weapons nor contraband.  Under the facts alleged and on the admittedly sparse record now before the Court, Officer Simmons lacked any reason to detain Burnett further; he certainly was without probable cause to effect a "take down" or to arrest him.  Finally, no reasonable officer under the circumstances could have believed his conduct to be in conformity with the law.  Viewing the facts in the light most favorable to Burnett, there remain genuine issues of material fact respecting Simmons' participation in Burnett's arrest, particularly with regard to the issues of excessive force and the existence of probable cause.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendants' Motion for Summary Judgment Based on Qualified Immunity Defense [21] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 25th day of March, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

immunity.  Accordingly, the Court will only address the instant motion as it pertains to the individual defendant, Chad Simmons.

[2] Cunningham is a defendant in a recently filed case also pending before the Court, Burnett v. City of Southaven, 2:08CV258-P-S.