IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

QUINTON BURNETT                                                                           PLAINTIFF

VERSUS                                                          CIVIL ACTION NO. 2:08CV45-P-A

CITY OF SOUTHAVEN, MAYOR
GREG DAVIS, IN HIS OFFICIAL
CAPACITY AS MAYOR OF SOUTHAVEN,
MISSISSIPPI; SOUTHAVEN POLICE
DEPARTMENT AND THOMAS LONG
IN HIS OFFICIAL CAPACITY AS CHIEF
OF POLICE, CHAD SIMMONS, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS A
SOUTHAVEN POLICE OFFICER                                                               DEFENDANTS

**ORDER**

This cause is before the Court on a Motion for Summary Judgment [52] filed by defendants City of Southaven, Mayor Greg Davis, in his official capacity, Southaven Police Department and Thomas Long in his official capacity as Chief of Police.[1] The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

After review of the applicable filings, the Court is satisfied that defendants are entitled to summary judgment. Municipal liability under § 1983 cannot rest solely on respondeat superior. To recover against the City of Southaven and/or its Police Department, Burnett must demonstrate he

---

[1] The Amended Complaint named Greg Davis in his official capacity as mayor of Southaven and Thomas Long in his official capacity as Southaven's chief of police. The official capacity claims are tantamount to claims against the City of Southaven, already named as a defendant. Roberts v. City of Shreveport, 397 F.3d 287, 291 (5th Cir. 2005). Accordingly, their joinder as defendants accomplishes nothing and dismissal is appropriate.

suffered a constitutional injury as a direct result of a municipal policy or custom. City of Canton v. Harris, 489 U.S. 378, 109 S. Ct. 1197, 1203 (1989).

Burnett seeks to meet this threshold requirement, not by pointing to particular written policy provisions, but by highlighting what he characterizes as actionable omissions on the part of the City of Southaven and its policymakers. He maintains that the municipal defendants should be held accountable because they

> had absolutely no policy regarding a proper technique to question and conduct a [sic] investigatory stop of a private citizen who has neither conducted an illegal act in the presence of a police officer, nor has been accused of any act that was to have taken place out of the presence of said officer.

Plaintiff's Memorandum at p. 2. In short, plaintiff complains of the municipal defendants' failure to adequately train Officer Simmons.

A plaintiff who seeks to impose municipal liability for failure to train must prove three elements:

1) The defendants failed to adequately train the officer in question;

2) A causal link between the alleged failure to train and the alleged constitutional violation; and

3) The failure to train or supervise amounts to "deliberate indifference"

Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003); Thompson v. Upshur County, 245 F.3d 447, 459 (5th Cir. 2001); Smith v. Brenoettsy, 158 F.3d 908, 911-12 (5th Cir. 1998). In City of Canton v. Harris, the Supreme Court condemned the notion of constitutionally mandated law enforcement training. 489 U.S. at 392. Instead, courts must focus on the adequacy of a given training program relative to the tasks particular officers are to perform. Liability attaches only where, in light of the duties assigned, "the need for more or different training is so obvious, and the inadequacy so likely

to result in violation of constitutional rights, that policymakers . . . can be said to have been deliberately indifferent to the need." Id. at 390. The Fifth Circuit routinely refuses to find deliberate indifference absent evidence of a pattern and practice of similar constitutional violations. Connor v. Travis County, 209 F.3d 794, 797 (5th Cir. 2000); Gabriel v. City of Plano, 202 F.3d 741, 745 (5th Cir. 2000); Snyder v. Trepagnier, 142 F.3d 791, 798 (5th Cir. 1998).

Burnett cannot establish a triable issue of fact. Even assuming there is a genuine issue as to the first two elements, the record is devoid of any evidence establishing either that Officer Simmons and other officers exhibited a pattern of behavior resulting in constitutional violations or that the municipal defendants were cognizant of such a pattern of behavior. Accordingly, the defendants are entitled to judgment as a matter of law.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Motion for Summary Judgment[52] is well-taken and should be, and hereby is, GRANTED. IT IS FURTHER ORDERED THAT the City of Southaven, Mayor Greg Davis, in his official capacity, Southaven Police Department, and Thomas Long, in his official capacity as Chief of Police, should be, and hereby are, DISMISSED WITH PREJUDICE as party defendants.

SO ORDERED, this the 15th day of June, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE